ISAAC R. ANDERSON ET AL. *v.* RICHARD MOORE.

EJECTMENT. *Possession. Intruder. Paper title. Code* 1892, § 2434.

Possession of land for ten years gives the possessor and those claiming under him a sufficient title to justify a recovery in ejectment against a mere intruder who has no title. (See Code 1892, § 2434.)

FROM the circuit court of Jones county.

HON. JOHN R. ENOCHS, Judge.

Anderson and others, appellants, were plaintiffs, and Moore, appellee, was defendant in the court below. From a judgment for defendant plaintiffs appealed to the supreme court.

The suit was an action of ejectment brought by plaintiffs, the heirs of Isaac Anderson, deceased, against Richard Moore for the S. ½ of N. E. 1-4 of S. W. 1-4, section 34, township 8, range 12 W., less two acres. Moore defended for one acre, more or less, in the northwest corner of said tract, "being the lot or parcel of land on which his house is situated." Pending the trial he amended this plea as shown in the opinion of the court. On the trial plaintiff introduced a patent to the land in controversy and other lands to J. E. Welborn from the United States, dated July 2, 1860; a deed from J. E. Welborn and wife to V. A. Collins, dated March 12, 1869. This deed is in due form, but the certificate of acknowledgment, while reciting that it had been signed, failed to recite that it had been delivered. Defendant objected to the introduction of this deed be-

cause the acknowledgment was defective in not reciting that it was delivered. The objection was overruled. Plaintiff then introduced a deed from V. A. Collins to Henry Pate to the land, and a deed from the heirs of Henry Pate to Isaac Anderson, their ancestor, and proved the death of Henry Pate, that the grantors in the deed to Isaac Anderson were his heirs, and that Isaac Anderson was dead and plaintiffs his heirs. Plaintiffs then introduced one Speed, who testified that he was a surveyor, and that he surveyed the land in controversy, and that the house in which defendant lived was on the east and west center line dividing the 40 acres, two-thirds of it north and one-third south of the line, and that the house, which was known as the "Nagle house," was very nearly midway between the two ends of said line, and was about 200 yards from the acre in the S. W. corner of the S. $\frac{1}{2}$ of the N. E. 1-4. Plaintiffs then proved the rental value and rested. Defendant renewed the motion to strike out the deed from J. E. Welborn and wife to V. A. Collins because the acknowledgment was defective. This motion was then sustained, to which plaintiffs excepted. Plaintiffs then introduced J. H. Bynum, who testified that V. A. Collins was in possession of this land in 1871, and that Collins was in possession of it and exercising ownership over it for at least ten or twelve years, and probably longer. Plaintiffs then rested. The court then gave a peremptory instruction to find for defendant. Defendant contended that the deed from Welborn and wife to Collins was void because the deed was made in 1869, and was consequently governed by the provisions of the code of 1857, under which an acknowledgment was an essential part of the conveyance by a married woman.

*Hardy & Arnold,* and *Brame & Brame,* for appellants.

Although the acknowledgment was defective because the certificate did not recite that the grantor acknowledged that he had delivered the deed, this affected only its recordability. The

deed being valid in every respect, and there being no objection to the signature of the grantor or to the form of the instrument, it was a perfectly good deed, and when it was shown that the grantee went into possession under it and held under the deed until he conveyed to Pate, which was in 1888, the plaintiffs' chain of title was complete.

Actual possession by the ancestor of part of a tract of land with claim of title to the whole and proof of heirship is sufficient as against one who shows no title. *Spears* v. *Burton,* 31 Miss., 547.

Ordinarily, proof of possession accompanied by claim of title is *prima facie* evidence of seizin in fee and puts the opposite party on proof of his right. *Heard* v. *Baird,* 40 Miss., 793; *Hicks* v. *Steigleman,* 49 Miss., 377; *Kerr* v. *Farish,* 52 Miss., 101; *Lum* v. *Reed,* 53 Miss., 73.

Nor was it necessary to show that Collins had actual possession of all parts of the land embraced in his deed. Possession of a portion of a tract of land described in a deed is presumptive or constructive possession of the entire tract within the calls of the deed. This is specially true in a case where the defendant does not offer any deed to overcome this presumption. *Welborn* v. *Anderson,* 37 Miss., 155; *Ryan* v. *Ry. Co.,* 62 Miss., 162; *Brougher* v. *Stone,* 72 Miss., 647.

If the deed of Collins had never been acknowledged at all, this would not affect the plaintiffs' title. The deed itself being produced and possession under it being shown, the title would be complete, and no question could arise except one involving the rights of a purchaser from Welborn, and no question of that kind is presented in this case. The defendant showed no deed at all and did not claim to have purchased from Welborn or any prior owner without notice of the deed to Collins, and if such question had been presented, it would have been unavailing because of the undisputed fact that Collins was in possession, claiming title to the land described in his deed.

*Shannon & Street,* for appellee.

A plaintiff in ejectment must stand or fall upon the strength or weakness of his own title, without reference to the weakness of defendant's title. He cannot succeed except by showing a perfect title in himself against all the world. *Lum* v. *Reed,* 53 Miss., 73.

Now, applying this test, is a plaintiff entitled to recover when his chain of title is broken by a void deed? It requires the deed of Welborn and wife to Collins to complete the chain of title in appellants. If that deed is void, of course no title passed by it, and appellants have no title, because the only kind of title they attempted to assert was by deed, and if a single deed in the whole chain is void, their title must fail. Title cannot be conveyed unless there is a delivery of the deed. *Jelks* v. *Barrett,* 52 Miss., 315.

There is nothing about the deed under consideration to show that it was delivered. The makers did not acknowledge that they delivered it. It was not entitled to be recorded, and if recorded, was not constructive notice. *Buntyn* v. *Compress Co.,* 63 Miss., 94. A deed by a married woman which is not properly acknowledged is void. *Willis* v. *Gattman,* 53 Miss., 721.

The testimony of the witness Bynum, with reference to the character of Collins' possession, is too vague and indefinite to be of importance.

WHITFIELD, C. J., delivered the opinion of the court.

The defendant in this action of ejectment brought to recover 18 acres of land, defended for but 1 acre. In the original plea he claimed that this acre was in the N. W. corner of the S. ½ of the N. E. 1-4 of the S. W. 1-4. When the evidence was concluded, upon the suggestion of the learned circuit judge, the plea was amended so as to locate this acre simply in the S. ½ of the N. W. 1-4 of the S. W. 1-4, in order to conform to the proof, which proof showed that the house claimed by defendant

was situated two-thirds north of the south boundary of the 18-acre tract, and one-third below it. The only pretense of claim set up by defendant under any one was an asserted claim under one Maxwell. But the testimony of Mr. Speed, the surveyor, shows plainly that what Richard Moore claimed was "in the two forks of the road," and that the land and house, which were "in the two forks of the road," constituted the one-third above referred to as lying south of the south boundary line of the 18-acre tract. In other words, the Maxwell claim is not in the said 18-acre tract at all. So far as the land sued for, therefore, is concerned, the defendant set up no claim under any one, no paper title of any sort, not even title by adverse possession. He stood merely on the alleged failure of plaintiffs' title. The testimony shows, further, that Collins went into possession of this land, and held possession of it for twelve years or more, prior to defendant's alleged three years' possession of the Nagle house and land, claiming and exercising ownership over the same; that the Nagle house was not built during these twelve years when Collins was in possession; and, further, that Welborn and wife never occupied this land as a homestead. The title to this land was in the husband, not the wife; and hence the authorities cited by counsel for appellee are not in point, so far as the wife's failure to acknowledge that she sealed and delivered the deed is concerned. It is true, the husband also failed to acknowledge that he sealed and delivered the deed, and there is no proof of delivery of the deed, as the act of the husband, except what may be inferred from the fact that the appellants, the remote alienees of Welborn, had possession of the deed, and offered it in evidence on this trial. But without reference to the deed from Welborn and wife, the appellant, on the testimony, was entitled to recover, on his possession alone, against the defendant, who occupied the position of an intruder or trespasser. Possession, such as is shown by this testimony, was enough to warrant recovery, without reference to paper title at all.

*Reversed and remanded.*